UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG A. MCINTOSH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:09CV1461 HEA |
| | ) | |
| AMEREN UE, | ) | |
| | ) | |
| Defendant, | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 4]. Plaintiff has failed to file a response to the motion.[1] For the reasons set forth below, the motion is granted.

## **Facts and Background**

Plaintiff filed this action, *pro se,* against Defendant, his former employer for alleged gender, age, disability, and race discrimination, and for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended. The Complaint was filed on September 14, 2009. Plaintiff's Complaint alleges that he filed a Charge of Discrimination with the EEOC on July 1, 2008. Furthermore, the

---

[1] Pursuant to the Court's Local Rules, Plaintiff's failure to file a response can be construed as a concession of the motion. See Local Rule 4.01.

Complaint states that the EEOC issued its Right to Sue Letter on May 29, 2009, which Plaintiff states he received on June 3, 2009.

The Right to Sue Letter from the EEOC, which is attached to the Complaint, provides "this is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above numbered charge. It has been issued at your request. Our lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; [sic] or your right to sue based on this charge will be lost." (Emphasis in original). The Letter further provides that, with respect to a claim under the Age Discrimination in Employment Act (ADEA), Plaintiff's "lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice." (Emphasis in original).

## Standard of Review

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. The Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), that a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 560 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A plaintiff need not provide specific facts in

support of its allegations, *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir.), cert. denied, 129 S. Ct. 222 (2008) (quoting *Twombly*, 550 U.S. at 555-56 & n.3). A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id*. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id*. at 556; Fed.R.Civ.P. 8(a)(2). Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006).

**Discussion**

Title 42 U.S.C. § 2000e-5(f)(1) requires that a civil action for violations of, inter alia, Title VII the ADA and the ADEA be filed within 90 days of the receipt of the EEOC's right-to-sue letter.  See *Williams v. Thomson Corp.*, 383 F.3d 789, 790 (8th Cir.2004); *Spears v. Mo. Dep't of Corrections,* 210 F.3d 850, 853 (8th Cir.2000); *Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 665 (8th Cir.1995); 42 U.S.C. § 200-2-5(f)(1);42 U.S.C. § 12117(a).  Plaintiff was clearly and emphatically warned of this mandate in the right-to-sue letter.

Although this time restriction may be equitably tolled, see *Lyons v. Potter*, 521 F.3d 981, 983 (8th Cir.2008), Plaintiff has not advanced any reason why it should be.  "Courts have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff."  *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir.1989).  A plaintiff's *pro se* status is not such a circumstance.  See *Walker v. Norris*, 436 F.3d 1026, 1033 (8th Cir.2006); *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir.2004); *United States v. McIntosh*, 332 F.3d 550, 551 (8th Cir.2003) (per curiam).

Plaintiff admits that he received the Right to Sue Letter on June 3, 2009.  The filing of this action on September 14, 2009, 103 days after his receipt of the letter was, therefore untimely, and there is no basis for upon which the Court should equitably toll the time limits.  Plaintiff's claims are untimely and will be dismissed.

## Conclusion

Based upon the foregoing, Defendant's Motion to Dismiss is well taken. Plaintiff failed to file this action within 90 days from the receipt of his Right to Sue Letter, and as such, this action is time barred.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 4], is granted and this matter is therefore dismissed.

Dated this 5th day of November, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE